■     HERBERT A. MOSSLER, Appellant, v. HOTEL ALRAE COMPANY, Respondent.— Order entered May 3, 1968, denying temporary injunction, unanimously reversed, on the facts and the law, with $30 costs and disbursements, and motion granted. Plaintiff, currently a statutory tenant in defendant's hotel, previously occupied the premises pursuant to a lease. A dispute arose between the parties which was settled by an agreement in writing. The agreement provided that all services contracted for in the lease would be continued. Among these was an undertaking by the landlord to install any additional locks, providing the tenant paid for the same. Plaintiff requested installation of a lock and tendered payment. Defendant refused, whereupon plaintiff had the lock installed and offered the landlord a key. Defendant again refused and discontinued maid service, a service concededly stipulated in the prior lease and continued during the statutory tenancy. The injunction seeks its restoration. As plaintiff's rights stem from the agreement of settlement, decisions denying injunctive relief to enforce the provisions of a statutory tenancy have no application. Nor is the fact that plaintiff advised the Office of Rent

Control of the cut off of maid service a bar to this application. Plaintiff has no control over the Commissioner, and any action he may choose to take is not the action of the plaintiff. Nor can the application be said to be an election of remedies. There is, as was conceded on the argument, no substantial dispute as to the facts. Settle order on notice providing for injunction bond of $250. Concur—Stevens, J. P., Steuer, Capozzoli, Tilzer and McGivern, JJ.